**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4630
_____

D.B.; L.B., o/b/o H.B.

v.

GLOUCESTER TWP SCHOOL DISTRICT;
THOMAS D. SEDDON, individually and in his official capacity as the Superintendent of
Schools of the Gloucester Township School District;
JOHN TIGHE, individually and in his official capacity as the Director of Special
Services of the Gloucester Township School District,
Appellants

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:08-cv-05667)
District Judge:  Honorable Joseph E. Irenas

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2012

Before:  McKEE, *Chief Judge*, FUENTES and JORDAN, *Circuit Judges*

(Opinion filed: July 19, 2012)

OPINION

McKEE, *Chief Judge*.

D.B. and L.B. ("Plaintiffs") challenged Individualized Education Plans ("IEPs")

developed for their minor daughter, H.B., who is a student in New Jersey's Gloucester

Township School District ("Gloucester").  Gloucester, the Superintendent of Schools, and

the Director of Special Services ("Defendants") appeal the District Court's grant of

Plaintiffs' motion for summary judgment on Plaintiffs' claim for equitable relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* For the reasons that follow, we will affirm.

I.

Since we write primarily for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. In 2008, Plaintiffs, acting on H.B.'s behalf, filed an amended petition for a due process hearing, challenging Gloucester's proposed IEPs for the 2007-2008 and 2008-2009 school years. The ALJ who was assigned to the case concluded that Plaintiffs "have not met their burden of proof of establishing that [a free appropriate public education ("FAPE")] was not provided or that H.B. should be placed in the regular education program for a longer period of time than what was established by [Gloucester]." (J.A. at 56.)

Thereafter, Plaintiffs filed suit in District Court, challenging the ALJ's decision and asserting claims under the IDEA, the Americans with Disabilities Act, the Rehabilitation Act of 1973, 42 U.S.C. § 1983, and the New Jersey Law Against Discrimination. Their amended complaint also challenged the proposed IEP for the 2009-2010 school year.

Plaintiffs ultimately moved for summary judgment on their IDEA claim, and Defendants moved for summary judgment on *all* of Plaintiffs' claims. On November 17, 2010, the District Court vacated the ALJ's decision and granted summary judgment in favor of Plaintiffs to the extent their IDEA claim sought equitable relief. The court also

ordered Defendants to "draft an [IEP] for H.B. in accordance with the procedural requirements of the IDEA." (*Id.* at 4.) The court noted that "[a]ttorneys' fees and related costs are available to Plaintiffs to the extent they are the prevailing party and make a proper motion before this Court for such fees." (*Id.* at 24 (citing 20 U.S.C. § 1415(i)(3)(B).) To the extent Plaintiffs' IDEA claim sought damages, the District Court granted summary judgment in Defendants' favor. The court also granted Defendants' motion for summary judgment on Plaintiffs' § 1983 claim, and dismissed Plaintiffs' remaining claims as moot.

After Defendants filed this appeal, Plaintiffs moved for attorneys' fees and costs as prevailing parties pursuant to § 1415(i)(3)(B). The District Court dismissed that motion without prejudice, and granted Plaintiffs leave to "reraise" the motion *nunc pro tunc* "pending the outcome of Defendants' appeal." (Dist. Ct. Order entered Apr. 28, 2011, at 2.)

## II.

The District Court had jurisdiction to review the ALJ's decision pursuant to 20 U.S.C. § 1415(i)(2), and we have jurisdiction over the court's November 17, 2010 order pursuant to 28 U.S.C. § 1291. "When considering an appeal from a state administrative decision under the IDEA, district courts apply a nontraditional standard of review, sometimes referred to as 'modified *de novo*' review." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010). Under this standard of review, a district court must give "due weight" and deference to the ALJ's findings. *Id.* "Factual findings from the

3

administrative proceedings are to be considered prima facie correct. If a reviewing court fails to adhere to them, it is obliged to explain why." *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 270 (3d Cir. 2003) (internal quotation marks and citation omitted). "Within the confines of these standards, a district court is authorized to make findings based on the preponderance of the evidence and grant the relief it deems appropriate . . . ." *D.S.*, 602 F.3d at 564. We review a district court's factual findings for clear error, and exercise plenary review over its legal conclusions. *Id.*

### III.

"The IDEA requires states receiving federal education funding to provide every disabled child with a [FAPE]." *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 268 (3d Cir. 2012) (citing 20 U.S.C. § 1412(a)(1)). "A school district provides a FAPE by designing and implementing an individualized instructional program set forth in an [IEP], which must be reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's intellectual potential." *P.P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 729-30 (3d Cir. 2009) (internal quotation marks and citation omitted). "[P]arents play[] 'a significant role' in this process," *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 524 (2007) (citation omitted), and the IDEA "sets up general procedural safeguards that protect the informed involvement of parents in the development of an education for their child." *Id.* (citing 20 U.S.C. §§ 1414, 1415).

"The parent or guardian of a minor student who is denied the rights and procedures set forth in the IDEA is afforded the opportunity to file an administrative

4

complaint and to appeal an adverse determination to a federal district court." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66 (3d Cir. 2010) (citing 20 U.S.C. §§ 1415(b)(6), (i)(2)). "[T]he Supreme Court has directed that a school district's liability for violations of the IDEA is a two-fold inquiry: (1) Has the school district complied with the procedures set forth in IDEA?; and (2) Has the school district fulfilled its obligation to provide the student with a FAPE?" *C.H.*, 606 F.3d at 66 (citing *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-07 (1982)). A procedural violation constitutes a denial of a FAPE when that violation causes "'substantive harm'" to the child or her parents. *C.H.*, 606 F.3d at 66 (quoting *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 765 (6th Cir. 2001)). Such harm is present when the procedural violation "'significantly impede[s] the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child.'" *C.H.*, 606 F.3d at 67 (alteration added) (quoting 34 C.F.R. § 300.513(a)(2)).

Here, the District Court concluded that Gloucester had "denied [Plaintiffs] any meaningful participation in the development of the IEPs in violation of IDEA." (J.A. at 21.) The court determined that, for each of the IEPs at issue,

> [Gloucester] had come to definitive conclusions on H.B[.]'s placement without parental input, failed to incorporate any suggestions of the parents or discuss with the parents the prospective placements, and in some instances even failed to listen to the concerns of the parents. It is clear from the evidence before the Court that the IEPs were predetermined . . . .

5

(*Id.* at 20-21.)

Defendants argue that the District Court did not apply the modified *de novo* standard and, thus, failed to afford proper weight to the ALJ's decision. We disagree. In its opinion, the District Court explicitly stated that the modified *de novo* standard governed its review, and nothing on this record undermines that statement. The only reason that the court did not defer to the ALJ was because the ALJ did not make any factual findings as to whether Gloucester had complied with the IDEA's procedural requirements. Although Defendants assert that the ALJ's silence should be construed as "tacit approval" of the method in which Gloucester developed the IEPs for H.B., Defendants cite no authority to support this proposition, and we agree with the District Court that it is unpersuasive. Moreover, Defendants do not even argue, let alone establish, that the factual findings undergirding the District Court's conclusion that Gloucester "predetermined" H.B.'s placement without parental input, (*see id.* at 17-20), are clearly erroneous.[1]

---

[1] Defendants highlight, *inter alia*, the fact that Plaintiffs "were involved in the decision to retain Douglas Developmental as an independent evaluator of H.B.," (Defs.' Opening Br. 19), and that certain "modifications" proposed by Plaintiffs — for example, use of a "white-off" board, visual supports, and use of computer time — were "readily incorporated into the 2008-2009 and 2009-2010 IEPs," (*id.* at 18). This evidence, even when coupled with Defendants' other citations to the record, does not warrant disturbing the District Court's decision. Indeed, Plaintiffs' approval of an independent evaluator was just one of their several rights under the IDEA, *see Schaffer v. Weast*, 546 U.S. 49, 53 (2005), and neither that approval, nor Gloucester's incorporation of some of Plaintiffs' proposed modifications, establishes that Gloucester did not predetermine where H.B. would be placed.

Defendants also contend that the District Court should have considered not only Gloucester's compliance with the IDEA's procedural requirements, but also whether the proposed IEPs were "reasonably calculated to enable [H.B.] to receive educational benefits." (Defs.' Opening Br. 27 (quotation marks and citation omitted).) We disagree. As noted above, a school district's violation of the IDEA's procedural requirements may constitute a failure to provide a FAPE. Since the District Court determined that such a violation had occurred here, there was no need for the court to consider the merits of the proposed IEPs.

Defendants' final argument is that Plaintiffs are not entitled to recoup attorneys' fees and costs under § 1415(i)(3)(B). This argument is premature, for the District Court has yet to award this relief. If Plaintiffs renew their motion for attorneys' fees and costs, and the District Court grants that motion, Defendants may then appeal from that judgment. We express no opinion on the merits of such a motion or Defendants' likelihood of prevailing on appeal.

IV.

In light of the above, we will affirm the District Court's November 17, 2010 order.

7